# THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PEABODY MIDWEST MINING, LLC AND MICHAEL BUTLER, EMPLOYED BY PEABODY MIDWEST MINING, LLC<br><br>      Petitioners,<br><br>    v.<br><br>SECRETARY OF LABOR, MINE SAFETY AND HEALTH ADMINISTRATION (MSHA) AND FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION,<br><br>      Respondents. | Docket No.   22-1242 |

## STATEMENT OF ISSUES TO BE RAISED

Under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. 801 et seq. (2018), mine operators are charged with the responsibility of managing the methane liberated or released in a mine by various means, including the use of localized and mine-wide ventilation, detection by handheld detectors and machine mounted sensors, and in some cases various forms of degasification. Operators also monitor the presence of abandoned or active nearby mines by mapping and in some instances drilling in advance of mining.

In July 2019, Peabody was conducting longhole horizontal drilling pursuant to a plan approved by the Mine Safety and Health Administration ("MSHA") under 30 CFR §75.388 to ensure that active mining would not encounter any adjacent

FP 45358811.1

abandoned mine works. On July 22-23, while the drill was operating and was extended into the drillhole approximately 935 feet, the drill hit a void, resulting in methane flowing back up the drillhole at considerable pressure. It is presumed that the methane came from the old works of an adjacent mine, mined between 1922 and 1935.

The driller and his helper began immediately to take action to staunch the flow of methane. Michael Butler, a shift foreman, who happened to be in a nearby producing section was summoned to the area and arrived after the efforts to plug the hole had begun. Those efforts continued for approximately 30 minutes while Mr. Butler and others sought to increase ventilation in the area and as the methane levels fluctuated. The efforts ended when the General Manager directed them to stop. After investigation, MSHA issued two orders for violations related to the efforts to eliminate the methane flow using energized equipment while methane was above 1.5%.

The issues that will be raised by Peabody and Mr. Butler are as follows:

1. Whether the Commission erred in affirming the ALJ's finding that Order No. 9106664 properly alleged a violation of 30 CFR §75.323(c)(2)(iii) when the persons in the area were engaged in adjusting ventilation and acting to eliminate the flow of methane from the borehole.

2. Whether the Commission erred in affirming the ALJ's finding that Order No. 9106664 was the result of an unwarrantable failure when the persons present were engaged in adjusting ventilation and plugging the borehole and it was necessary to preclude a greater hazard.

FP 45358811.1

3. Whether the Commission erred in affirming the ALJ's finding that Order No. 9106663 was the result of an unwarrantable failure, when there was a good faith belief that plugging the borehole was the necessary and proper procedure and it was necessary to preclude a greater hazard.

4. Whether the Commission erred in affirming the ALJ's finding that Mr. Butler knowingly authorized, ordered or carried out a violation as described in Order No. 9106663 when he believed in good faith that the appropriate action was to plug the borehole and the methane levels fluctuated between 1.1% and 5%.

5. Whether the Commission erred in affirming the ALJ's finding that Mr. Butler knowingly authorized, ordered or carried out a violation as described in Order No. 9106664 when the persons present were engaged in adjusting ventilation, including stopping the flow of methane.

Respectfully submitted,

*s/ Ralph Henry Moore, II*
Ralph Henry Moore, II
Patrick W. Dennison
Fisher Phillips, LLP
6 PPG Place, Suite 830
Pittsburgh, PA 15222
hmoore@fisherphillips.com
pdennison@fisherphillips.com

Counsel for
Peabody Midwest Mining, LLC and
Michael Butler, employed by Peabody
Midwest Mining, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Statement of Issues to be Raised was served upon the following parties on the 14th day of October, 2022 via electronic filing:

>Thaddeus Jason Riley
>Federal Mine Safety & Health Review Commission
>1331 Pennsylvania Avenue, NW, Suite 520N
>Washington, D.C. 20004-1710
>202-434-9900
>202-434-9906 fax
>*jriley@fmshrc.gov*
>
>Emily Toler Scott, Esq.
>Office of the Solicitor
>Division of Mine Safety & Health
>201 12th Street South, Suite 401
>Arlington, VA 22202
>*scott.emily.t@dol.gov*
>
>Susannah Maltz
>Attorney
>Office of the Solicitor
>Division of Mine Safety and Health
>U.S. Department of Labor
>201 12th Street South – Suite 401
>Arlington, VA 22202-5450
>*Maltz.susannah.m@dol.gov*

                                        *s/ R. Henry Moore, II*